UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **CSX Transportation, Inc.**<br><br>**Plaintiff,**<br><br>v.<br><br>**Texas Grease Enterprises, LLC,**<br><br>**Defendant.** | **CASE NO**: 5:21-cv-00213 |

## COMPLAINT

Plaintiff CSX Transportation, Inc., by and through its attorneys, Cohen & Merrick P.C., files this Complaint against defendant Texas Grease Enterprises, and in support thereof, avers as follows:

## PARTIES

1. Plaintiff, CSX Transportation, Inc. ("CSX"), is a corporation incorporated under the laws of the Commonwealth of Virginia, with its principal place of business in Jacksonville, Florida.

2. CSX operates as an interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board and is governed by the provisions of the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq.*

3. Texas Grease Enterprises, LLC ("Texas Grease"), doing business under the assumed name The Team Enterprises, is a Texas limited liability company with its principal place of business in San Antonio, Texas.  Texas Grease is a member-managed limited liability company with three members: James Espinosa, Gabino Garcia, and Raul Saucedo.  The members of Texas Grease are residents of Texas.

## JURISDICTION

4. Jurisdiction is based upon 28 U.S.C § 1337 as this is a cause of action arising under the Interstate Commerce Act, 49 U.S.C. §§10101 *et seq*.

5. Jurisdiction in this matter is also based upon 28 U.S.C. § 1332(a), as the matter in controversy exceed $75,000.00, and there is complete diversity of citizenship among the parties.

## VENUE

6. Venue properly lies in this district pursuant to 28 USC § 1391(b) because the defendant is subject to personal jurisdiction in this judicial district and a substantial part of the events or omissions giving rise to CSX's claims occurred this judicial district.

## PREDICATE FACTS

7. CSX incorporates all preceding paragraphs as if fully set forth at length herein.

8. The rules which set forth the CSX's terms and conditions for transporting freight are set out in CSX's Intermodal Rules Directory No. 1, its tariffs, and subsequent amendments of the same, which are public tariffs posted on the internet (collectively the "Tariff").

9. The subject matter of this litigation arises from freight charges assessed pursuant to the Tariff, agreements, and/or price authorities governing the common carriage of freight by CSX.

10. Price authorities are agreements between CSX and third-party customers seeking transportation services, like Texas Grease, establishing specified rates under specified terms and conditions, including incorporation of the Tariff.

11. Texas Grease engaged CSX to transport shipments of freight via interstate rail and requested CSX transport empty railcars to a location designated by Texas Grease for loading and/or unloading (the "Shipments").

12. CSX transported the Shipments pursuant to price authority agreements entered into between CSX and Texas Grease and subsequent amendments of the same (the "Agreement").

13. Under the Agreement, Texas Grease must pay freight and related charges to CSX for the interstate transportation of freight by rail in accordance with rates established by the Agreement and/or the Tariff and price authorities.

14. Additionally, Texas Grease must pay CSX within fifteen days of CSX invoicing Texas Grease for the transportation services provided by CSX.

15. Pursuant to the Agreement and/or the Tariff, Texas Grease's failure to timely pay the freight charges owed results in finance charges accruing at the rate of twelve percent (12%) per annum. The finance charges continue to accrue on delinquent invoices until paid in full.

16. Pursuant to the Tariff, CSX is entitled to recover attorney's fees and costs incurred in seeking collection of any unpaid invoices, including litigation costs.

## Count I
**(Failure to Pay Freight Charges)**

17. CSX incorporates all preceding paragraphs as if fully set forth at length herein.

18. Between August 2018 and September 2019, CSX transported the Shipments from Seneca, Illinois to Chicago, Illinois to Laredo, Texas at the request of Texas Grease.

19. Pursuant to the terms of the Agreement, Texas Grease is responsible for paying CSX for the transportation services CSX rendered to Texas Grease.

20. Since August of 2018, CSX submitted invoices to Texas Grease for the freight charges Texas Grease accrued.

21. Although CSX made demands upon Texas Grease for payment of the freight charges, Texas Grease has failed and/or otherwise refused to pay any of the charges.

22. The outstanding balance of freight charges owed to CSX for the Shipments is not less than $91,645.00 plus interest, late fees, finance charges and attorneys' fees and costs.

## COUNT II
**(Breach of Contract (in the alternative))**

23. CSX incorporates all preceding paragraphs as if fully set forth at length herein.

24. The total principal amount of freight and related charges owed to CSX by Texas Grease for the Shipments is $91,645.00.

25. Texas Grease entered into valid and existing agreement(s) with CSX for transportation services via interstate rail.

26. Pursuant to the parties' agreement(s), Texas Grease requested and utilized CSX's services for the transportation of freight by rail.

27. CSX provided the transportation services Texas Grease requested and CSX submitted invoices to Texas Grease for the charges that Texas Grease incurred during the periods listed above.

28. The assessed freight charges were determined and made applicable pursuant to tariffs, rules, and rates, including the Agreement and the Tariff, governing the common carriage of freight by interstate rail carriers.

29. Although CSX made demands upon Texas Grease for payment of the outstanding transportation services charges, Texas Grease has failed and/or refused to pay those charges, which are due and owing to CSX.

30. Texas Grease's failure to pay CSX for the transportation services CSX rendered is a breach of the parties' agreement(s).

31. As a direct and proximate result of Texas Grease's breach, CSX has been damaged in the amount of $91,645.00 plus interest, late fees, finance charges, and attorneys' fees and costs.

## Count III
### (Account Stated (in the alternative))

32. CSX incorporates all preceding paragraphs as if fully set forth at length herein.

33. Texas Grease purchased transportation services via interstate rail from CSX and agreed to pay CSX for all services CSX rendered.

34. During the time of Texas Grease's purchases, CSX maintained an accurate and running account of all debts for Texas Grease's purchases of transportation services via interstate rail.

35. CSX performed its obligations under its agreement(s) with Texas Grease, rendering transportation services via interstate rail on behalf of Texas Grease.

36. CSX submitted written accounts to Texas Grease accurately showing all debts owed by Texas Grease for its purchases of CSX's services, which amounts to $91,645.00.

37. Although CSX has demanded payment for the balance due, Texas Grease has failed to pay.

38. Texas Grease has agreed to, assented to, or acquiesced in the correctness of the account.

39. Texas Grease has not questioned or objected, either specifically or generally, to the numerous accounts rendered.

## Count IV
### (Unjust Enrichment (in the alternative))

40. CSX incorporates all preceding paragraphs as if fully set forth at length herein.

41. At Texas Grease's request, CSX conferred a benefit to Texas Grease when CSX provided, and Texas Grease accepted, transportation services via interstate rail.

42. The circumstances were such that Texas Grease believed or reasonably should have believed that CSX expected Texas Grease to pay for the transportation services CSX provided.

43. CSX has suffered a loss in the amount of $91,645.00 as a direct and proximate result of Texas Grease's failure to pay CSX for the services CSX rendered on behalf of Texas Grease.

44. It is inequitable for Texas Grease to use CSX's transportation services and retain the benefit CSX bestowed upon Texas Grease without payment.

45. CSX is entitled to damages in the amount of at least $91,645.00, which represents the reasonable and fair value of the transportation services Texas Grease received from CSX.

**WHEREFORE**, Plaintiff CSX Transportation, Inc. respectfully demands that judgment be entered in its favor and against defendant Texas Grease Enterprises, LLC, in an amount not less than $91,645.00, in addition to prejudgment interest, late fees, and finance charges, which accrue up until the time of trial, together with costs and attorneys' fees, as required by the parties' agreement(s), CSX's Intermodal Rules Circular, and applicable tariff(s), and such other relief as this Court may allow.

        **COHEN & MERRICK P.C.**

Date: March 4, 2021    By:    /s/ Timothy L. Frey
        Timothy L. Frey (311611)
        tfrey@freightlaw.net
        **COHEN & MERRICK P.C.**
        125 Coulter Avenue
        Suite 1000
        Ardmore, PA 19003
        Phone: (215) 609-1110
        Facsimile: (215) 609-1117

        *Attorneys for CSX Transportation, Inc.*

Of Counsel:

Eric C. Palombo
Daniel L. Sulvetta
**COHEN & MERRICK P.C.**
125 Coulter Avenue
Suite 1000
Ardmore, PA 19003
Phone: (215) 609-1110
Facsimile: (215) 609-1117
epalombo@freightlaw.net
dsulvetta@freightlaw.net